IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>JAMES FINLEY,<br><br>     Defendant. | 8:21CR7<br><br>MEMORANDUM<br>AND ORDER |

On September 2, 2022, defendant James Finley ("Finley") pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. The Court accepted Finley's guilty plea and sentenced him to 220 months in prison to be followed by 10 years of supervised release. Judgment was entered on January 17, 2023. He did not file a direct appeal.

Now before the Court is Finley's *pro se* "Request For An Extension Of Time To File Direct Appeal" (Filing No. 159). Federal Rule of Appellate Procedure 4(b)(1)(A) provides in relevant part that a criminal "defendant's notice of appeal must be filed in the district court within 14 days after" the entry "of the judgment or the order being appealed." A district court may extend the time to file such notice only upon finding "excusable neglect or good cause." Fed. R. App. P. 4(b)(4). Even then, a district court's ability to extend the time to file a notice of appeal generally lapses "30 days from the expiration" of the initial 14-day filing period. *Id.*; *see also United States v. Starks*, 840 F.3d 960, 960 (8th Cir. 2016) (explaining Rule 4(b)'s timeliness requirements are not jurisdictional but are inflexible).

The period during which Finley, or his counsel, could have filed a timely notice of appeal ended on January 31, 2023, fourteen days after judgment was entered on January 17. *See* Fed. R. App. P 26(a)(1). Had Finley filed a motion for an extension of time to appeal

before March 2, 2023, the Court could have granted such an extension upon a finding of excusable neglect or good cause. *See Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003) (describing the analysis of whether "excusable neglect" exists as "an equitable one, taking account of all relevant circumstances" with "the excuse given for the late filing" having the greatest import) (internal citations omitted). This date clearly passed long before Finley's filing of the present request to extend his time to file an appeal. As such, the Court will not issue such an extension to Mr. Finley, regardless of any possible good cause or excuse for this lapse in time before his filing.

Despite the Court's decision not to grant Finley an extension to file a notice of direct appeal of the judgment against him, his "request" ostensibly raises concerns about the effectiveness of his representation. As he correctly points out, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (stating "a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice."). The Court presumes prejudice where counsel fails to file a requested appeal even if the defendant has waived his right to appeal in a plea agreement. *See Witthar v. United States*, 793 F.3d 920, 922-23 (8th Cir. 2015).

According to Finley's allegations in his "request," his counsel, Stuart Dornan ("Dornan"), "failed to appeal [his] conviction despite his request that he do so." Finley has also attached to his filing two letters he reportedly sent to Dornan requesting information about a direct appeal in his case. The letters indicate Finley relied on his counsel to file "the direct appeal [they] spoke on at [his] sentencing" and later learned there was no direct appeal filed. Finley alleges Dornan never responded to either letter indicating his reliance on Dornan to file a direct appeal and seeking updates on such appeal. Taken together, these statements plausibly assert that requests he made for his attorney to file a direct appeal went unaddressed and, possibly, that his waiver of the right to appeal his sentence may not

2

have been made with a keen understanding of its consequences as he seems to have believed—as of his sentencing—that a direct appeal would be available to him.

Given these constitutional issues raised in Finley's request for an extension of his time to file a notice of appeal, the Court will construe his motion as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (explaining federal courts may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category"). Four broad grounds of relief have long been recognized as falling within the proper scope of a § 2255 motion: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence is 'otherwise subject to collateral attack.'" *Jackson v. United States*, 495 F.2d 349, 351 (8th Cir. 1974) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)). Generally, "constitutional defects in the process are cognizable under a § 2255 motion" but "questions relating to the sufficiency of the evidence" to support a petitioner's conviction and some other "errors in trial procedures which do not cross the jurisdictional line" are not. *Id.* Ineffective-assistance-of-counsel claims, like those seemingly at issue in Finley's present filing, often are raised within the scope of § 2255 motions. *See, e.g.*, *Witthar*, 793 F.3d at 921-22.

In so construing, the Court does not intend to imply that Finley's current filing is timely, procedurally valid, or raises any meritorious grounds for relief under § 2255. At this point, the Court does not speak to the merits of the issues he has raised. Rather, his filing is construed as a § 2255 motion in recognition that (1) the Court will not grant his untimely request for an extension to file a direct appeal, and (2) his request raises genuine constitutional concerns that may be grounds for a § 2255 motion.

At the same time, construing Finley's *pro se* filing as a motion under § 2255 requires the Court issue several warnings to ensure he does not unwillingly forfeit any opportunity

3

at post-conviction relief. *Castro*, 540 U.S. at 383. Under these circumstances, a "district court must notify [a] *pro se* litigant that it intends to recharacterize the pleading, warn [him] that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide [him] an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id*. The Court elaborates on these important notices below, following then-Chief Judge John Gerrard's valuable guidance set forth in *United States v. Carrillo-Castellon*, 2012 WL 4753377 (D. Neb. Oct. 4, 2012).

First, Finley must be aware that the filing of "second or successive" § 2255 motions is significantly limited under federal law. *See* 28 U.S.C. § 2255(h). Under § 2255(h), a second or successive motion must be certified by a panel of Eighth Circuit judges only after a finding that the motion contains either:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

As such, Finley should be careful to ensure that he includes all claims he may have "for post-conviction relief in a single motion." *Carrillo-Castellon*, 2012 WL 4753377, at *2. The Court is not aware of the grounds Finley intended to raise in his requested direct appeal, or whether they would be appropriate for a § 2255 motion, but he should seriously consider whether these or any additional grounds should be asserted in the present motion. If he does want to add additional grounds for relief to this motion, Finley should consider "withdrawing his current motion, or seeking leave to amend it," as failing to do so may risk permanent forfeiture of those claims for relief. *Id.*

Second, Finley should understand that § 2255 motions are generally subject to a one-year statute of limitation. *See* 28 U.S.C. § 2255(f). He should refer to § 2255(f) as it explains in detail when the one-year period begins to run under various circumstances. If he does not pay close attention to these provisions and fails to bring any later claims in a timely manner, his claims may be barred.[1]

Finally, the Court will allow Finley to amend or withdraw the present motion. As this Court has previously laid out for *pro se* litigants in construing filings as § 2255 motions, *see Carrillo-Castellon*, 2012 WL 4753377, at *2, Finley should heed the above warnings and carefully consider the following three options available to him.

Finley's first option is to *withdraw* his current motion. To do so, he must notify the Court in writing on or before October 17, 2023, of his intent to withdraw the motion. He may subsequently assert a new § 2255 motion, but only if the motion is timely under the applicable one-year limitation period discussed above. *See* 28 U.S.C. § 2255(f). In doing so, Finley should also use the appropriate form for filing a § 2255 motion, which will be provided to him by the Clerk of the Court.

Finley's second option is to *amend* his current motion to provide additional information supporting the allegations made in his existing request as well as add any other claims or arguments he may have that could be grounds for relief under § 2255. To amend his current motion, Finley must submit an amended motion to the Court on or before October 17, 2023. He can do so by either changing or supplementing the current submission, by using the above-mentioned § 2255 motion form available from the Clerk, or both.

---

[1] To that extent, if Finley wishes to have this filing construed as a § 2255 motion but chooses—as described below—to *amend* the present motion to add new information or claims, the Court will consider such amendments to be filed on August 28, 2023, for purposes of the limitation period. Alternatively, if Finley decides to *withdraw* this motion and *refile*, the Court will consider the new motion as being filed on the date of that filing.

Finley's last option at this time is to *notify* the Court on or before October 17, 2023, that he wants it to rule on his current motion *as submitted*, that is without any amendments or changes. If Finley does not advise the Court of his choice between these options or otherwise respond to this Memorandum and Order on or before October 17, 2023, the Court will (1) construe his silence as his consent to have the present filing treated as a § 2255 motion and (2) decide the motion as currently submitted.

Based on the foregoing,

IT IS ORDERED:

1. On or before October 17, 2023, Finley shall either (a) *withdraw* his current motion; (b) *amend* his current motion; or (c) *notify* the Court he wants the Court to rule on his current motion *as submitted*.

2. If Finley does not notify the Court of his choice, he will be deemed to have consented to having the Court treat his motion as a § 2255 motion and rule on his request for post-conviction relief as is.

3. The Clerk of the Court is directed to send a copy of this Memorandum and Order and a copy of the proper form for filing a § 2255 motion to Finley at his address of record.

Dated this 1st day of September 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge