IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR7 |
| v. | |
| JAMES FINLEY, | ORDER |
| Defendant. | |

This matter is before the Court on defendant James Finley's ("Finley") *pro se* supplemental memorandum (Filing No. 161) in support of his motion to vacate his conviction and set aside his sentence. On September 2, 2022, Finley pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. The Court accepted Finley's guilty plea and sentenced him to 220 months in prison to be followed by 10 years of supervised release. Judgment was entered on January 17, 2023, and no direct appeal was filed.

In August 2023, Finley filed a Request For An Extension of Time To File Direct Appeal (Filing No. 159) requesting a sixty-day extension to file a direct appeal of the judgment against him as well as the appointment of new counsel to assist in that appeal. Such an extension was warranted, Finley argued, because his counsel Stuart Dornan ("Dornan") had failed to file an appeal in his case. Finley alleges that, shortly after sentencing, Dornan "stopped communication with [him]" and "failed to appeal [his] conviction despite his request that he do so."

Upon reviewing Finley's request, the Court found it was unable to grant him an extension to file a direct appeal (Filing No. 160). *See* Fed. R. App. P. 4(b)(4) (giving the district court the ability to extend the time to file a notice of appeal "30 days from the

expiration" of the initial 14-day filing timeframe). However, because Finley raised concerns about the effectiveness of his counsel, the Court described its intention to construe the request as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See Castro v. United States*, 540 U.S. 375, 381, 383 (2003) (stating that a court may construe a litigant's *pro se* pleading as a § 2255 motion but must explain the consequences of such recharacterization and give the litigant an opportunity to withdraw or amend their pleading). In line with *Castro* and this Court's prior practice, *see United States v. Carrillo-Castellon*, 2012 WL 4753377 (D. Neb. Oct. 4, 2012), the Court notified Finley of his options to (a) withdraw his motion, (b) amend his motion, or (c) notify the Court it should make its determination on the previously filed motion as submitted. The Court requested Finley submit notification of his choice by October 17, 2023.

The filing presently before the Court demonstrates Finley's choice to have his request construed as a § 2255 motion and to amend that request with the supplemental argumentation therein. Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must complete an initial review of Finley's § 2255 motion and—unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief"—order the United States Attorney to respond to the motion or "take other action the judge may order."

The Court finds summary dismissal is not appropriate upon its initial review of Finley's motion. The United States Attorney must, therefore, file an answer or other response to Finley's motion on or before December 4, 2023.

IT IS SO ORDERED.

Dated this 27th day of October 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3