IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:21CR7** |
| v. | |
| JAMES FINLEY, | **ORDER** |
| Defendant. | |

On September 2, 2022, defendant James Finley ("Finley") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846.  The Court accepted Finley's guilty plea and sentenced him to 220 months in prison to be followed by 10 years of supervised release.  Judgment was entered on January 17, 2023.

In August 2023, months after the fourteen days to file a notice of appeal, Finley filed a Request For An Extension of Time To File Direct Appeal (Filing No. 159) requesting a sixty-day extension to file a direct appeal of the judgment against him as well as the appointment of new counsel to assist in that appeal.  *See* Fed. R. App. P. 4(b) (governing the timing of appeals and permitting the Court to extend the time to file an appeal upon a showing of "excusable neglect or good cause").  Finley argued an extension was warranted because his counsel, Stuart Dornan ("Dornan"), had "failed to appeal [his] conviction despite his request that he do so."

The Court responded to Finley's request on September 1, 2023, informing him the time for granting such an extension had passed.  *See* Fed. R. App. P. 4(b)(4) (limiting the Court's ability to extend the time to file an appeal to "30 days from the expiration of the time otherwise prescribed" by that rule).  The Court went on to explain, however, that it would construe Finley's request "as a motion to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255" because his allegations raised a potential claim of ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (stating "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable"); *see also Witthar v. United States*, 793 F.3d 920, 922-23 (8th Cir. 2015). Finley was informed of this recharacterization, warned his motion it would "be subject to the restrictions on 'second or successive' motions," and provided "an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see also United States v. Carrillo-Castellon*, 2012 WL 4753377 (D. Neb. Oct. 4, 2012).

On October 15, 2023, Finley timely supplemented his § 2255 motion (Filing No. 161), elaborating on his claims that Dornan failed to file a requested appeal or investigate the facts of his case. The Court promptly conducted an initial review of Finley's motion and found summary dismissal was not warranted. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b). The Court ordered the government to respond. *See id.*

Based on the government's response (Filing No. 166) and the nature of Finley's claim, the Court granted his Motion to Appoint Counsel (Filing No. 167) and set an evidentiary hearing on his § 2255 motion (Filing No. 169). *See* 28 U.S.C. § 2255(b); 18 U.S.C. § 3006A; Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8. That hearing has since been continued twice.

Now before the Court is Finley's May 5, 2024, Motion to Dismiss (Filing No. 174) his § 2255 motion. Finley's counsel states that they "have conferred on several occasions" and, based on those conversations, Finley now wishes to dismiss his motion for relief. Finley confirms as much in his accompanying, signed statement to the Court (Filing No. 175). Accordingly,

IT IS ORDERED:

1. James Finley's motion under 28 U.S.C. § 2255 (Filing No. 159) is deemed withdrawn.
2. The motion hearing scheduled for May 9, 2024, at 9:00 a.m. is canceled.

Dated this 7th day of May 2024.

                                              BY THE COURT:

                                              Robert F. Rossiter, Jr.
                                              Chief United States District Judge